[No. 13406. Department One. January 4, 1917.]

N. R. RASHFORD, *Appellant*, v. RIDGEFIELD STATE BANK *et al.*, *Respondents*, JOHN J. ERICKSON *et al.*, *Defendants*.[1]

INTOXICATING LIQUORS—REGULATION — MANUFACTURES —"INTEREST IN RETAIL BUSINESS"—STATUTES. Rem. Code, §6282, making it unlawful for any manufacturer or wholesale dealer in intoxicating liquors to own or have any interest in the "liquor stock, fixtures or equipment" of any retail liquor store, does not apply to the premises on which the liquor business is conducted or invalidate a real estate mortgage thereon given by the dealer to a brewer.

Appeal from a judgment of the superior court for Clarke county, Jackson, J., entered November 18, 1916, dismissing, as to certain defendants, an action to foreclose a mortgage, upon sustaining a demurrer to the complaint. Affirmed.

*McMaster, Hall & Drowley*, for appellant.

*Wood, Montague & Hunt* and *M. M. Matthiessen*, for respondents.

MAIN, J.—The purpose of this action was to have a real estate mortgage declared a prior and superior lien, and for the foreclosure of the same. The defendants named in the

[1]Reported in 161 Pac. 1196.

complaint, who were holders of a mortgage prior in time, appeared by demurrer. This demurrer was sustained, and the plaintiff elected to stand upon the complaint and refused to plead further. Thereafter a judgment was entered dismissing the action so far as it pertained to the holders of the prior mortgage. From this judgment, the appeal is prosecuted.

From the facts stated in the complaint, it appears that, on September 30, 1912, John J. Erickson and wife mortgaged a certain lot or tract of ground, in the town of LaCenter, to the appellant. This mortgage was filed for record in the auditor's office of Clarke county on the 2d day of October, 1912. Prior to the giving of the appellant's mortgage, and on the 24th day of January, 1911, the Ericksons had mortgaged the same property, as described therein, to the Ridgefield State Bank. The latter mortgage was recorded on the 30th day of January, 1911. The mortgage was made to the Ridgefield State Bank in trust, and it is alleged that the actual owner of that mortgage was the Henry Weinhard Brewery, of Portland, Oregon. This brewery was engaged in the manufacture of fermented and malt intoxicating liquors, and selling the same in quantities of five gallons or more. At the time both of the mortgages mentioned were given, the premises described therein were occupied as a retail liquor store. The respondents here are the Ridgefield State Bank and the successors in interest of the Henry Weinhard Brewery. There is no allegation in the complaint that the Ericksons, at the time the mortgage was executed and delivered to the Ridgefield State Bank, were engaged in conducting the retail liquor store in the building which had been erected upon the lot covered by the mortgage.

The sole question for determination is whether the mortgage to the Ridgefield State Bank, as mortgagee in trust, was prohibited by chapter 84 of the Laws of 1909, p. 182, Rem. Code, § 6282, wherein it is provided that a manufacturer of or wholesale dealer in intoxicating liquors shall not own or have "any interest in the liquor, stock, fixtures, or equip-

ment" of any retail liquor store. The question, then, is whether the mortgage to the bank, in trust for the brewery, of the premises upon which a retail liquor store was being conducted, is prohibited by the statute. Obviously, the lot and the building thereon do not come within the language of the act referring to liquor, stock, or fixtures. Neither do we think that the word "equipment," as used in the statute, was intended to include the premises upon which the retail liquor store was conducted. Had the legislature intended that the lot and building should come within the purview of the act, it would have been easy to have so expressed it. Since, under the present state of the law in this state, the construction of this statute is not likely to be again called for, it does not seem necessary to prolong the discussion relative to its meaning.

The judgment will be affirmed.

MORRIS, C. J., CHADWICK, PARKER, and ELLIS, JJ., concur.